IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONALD SCOTT PATZ, ) | |
| ) | |
| Petitioner, ) | 4:05cv3013 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| ROBERT HOUSTON, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on filing no. 12, the respondent's Motion for Summary Judgment, and filing no. 14, the petitioner's Traverse to Answer. In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"), Donald Scott Patz alleges violations of his civil rights in connection with his conviction and sentence in the District Court of Dawes County, Nebraska, on or about September 27, 1995. In filing no. 12, the respondent contends that the statute of limitations set forth in 28 U.S.C. § 2244(d) expired before the petitioner filed his § 2254 petition in this court, and that the § 2254 petition is therefore barred as untimely. I agree.

## Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year statute of limitations on petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(d) states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

1

>United States is removed, if the applicant was prevented from filing by such State action;
>
>(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Absent a later triggering date under 28 U.S.C. § 2244(d)(1)(B)-(D), the one-year period for filing a § 2254 petition in federal court begins to run on the date the challenged state-court judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). See, e.g., Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999):

>In Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187... (1999), § 2244(d)(1)(A) was interpreted by a panel of this court as follows: the running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

### Grace Period

State prisoners, like the petitioner, whose convictions became final before enactment of the AEDPA in 1996 received a one-year grace period from the AEDPA's effective date to file their § 2254 petitions in federal court. The one-year grace period began on April 24, 1996 and, unless extended or tolled in a particular case, expired on April 24, 1997. Hatcher

2

v. Hopkins, 256 F.3d 761, 763 (8th Cir. 2001); Mills v. Norris, 187 F.3d 881, 882 (8th Cir. 1999).

After the entry of judgment against the petitioner, he did not file a direct appeal of his conviction or sentence.  Therefore, the judgment became final 30 days after the entry of judgment when the time for such an appeal expired, i.e., on or about October 27, 1995.  As the petitioner's conviction became final before the AEDPA's effective date, he received the benefit of the AEDPA grace period.  Therefore, the AEDPA statute of limitations began to run in the petitioner's case on April 24, 1996 and expired on April 24, 1997, unless extended or tolled in the interim between April 24, 1996 and April 24, 1997.

### Tolling of the Limitations Period

28 U.S.C. § 2244(d)(2) directs that the one-year statute of limitations shall be tolled while a habeas corpus petitioner exhausts any available state postconviction remedies.  See Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001).  Accord Hatcher v. Hopkins, 256 F.3d 761, 763 (8th Cir. 2001).  In calculating the limitations period, section 2244(d)(2) provides that "[t]he time during which a properly filed application for State postconviction **or other collateral review** ... is pending shall not be counted."  (Emphasis added.)

However, the petitioner did not seek collateral review of his conviction until he filed a petition for habeas corpus in state court on February 4, 2002.   By that time, the deadline for asserting the petitioner's claims in a § 2254 petition in federal court had previously expired on April 24, 1997.  Therefore, the petitioner's postconviction proceedings in state court did not toll or revive the previously expired AEDPA limitations period.

In Painter v. Iowa, 247 F.3d 1256 (8th Cir. 2001), the Eighth Circuit explained that "the time between the date that direct review of a conviction is completed and the date that

3

an application for state postconviction relief is filed counts against the one-year [limitations] period." Thus, the federal statute of limitations established by the AEDPA can expire (and did so in the petitioner's case) before state court postconviction proceedings have even begun. Id. ("Therefore ... by the time Painter filed his state-court application ... there was no federal limitations period remaining to toll, and the [federal habeas] petition was properly dismissed as time-barred."). Thus, once the AEDPA's one-year limitations period has ended, exhaustion of state remedies, even if timely under state law, does not extend, toll, or reset the deadline for filing a federal habeas corpus petition.

I find that the AEDPA statute of limitations for a habeas corpus petition expired before the petitioner filed his § 2254 petition in this court.

THEREFORE, IT IS ORDERED:

1.    That filing no. 12, the respondent's Motion for Summary Judgment, is granted;

2.    That filing no. 14, the petitioner's Traverse to Answer, is overruled;

3.    That the Petition for Writ of Habeas Corpus filed by Donald Scott Patz is denied and dismissed with prejudice; and

4.    That a separate judgment will be entered accordingly.

November 15, 2005.        BY THE COURT:

/s *Richard G. Kopf*
United States District Judge